IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIRACORP, INC.

        Plaintiff,

v.                                    Civil Action No. 2:09-cv-2049 KHV/GLR

BIG RIG DOWN, LLC *et al*.

        Defendants.

**SUGGESTIONS IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
FURTHER SUGGESTIONS IN OPPOSITION TO
PLAINTIFF'S MOTION FOR REMAND**

COMES NOW plaintiff, by and through counsel of record, and for its Suggestions in Support of its Motion to Strike Defendants' Further Suggestions in Opposition to Plaintiff's Motion for Remand, states the following:

**I.  POINTS AND AUTHORITIES**

Without leave of court, defendants have filed a sur-reply to plaintiff's motion for remand. Sur-replies are improper and unauthorized without leave of court. Neither the Federal Rules of Civil Procedure nor local rule of the Kansas District Court Rule 7.1 provides any authority to file a sur-reply to any motion. In fact, Local Rule 7.1, which governs motions in civil cases, contemplates only a motion, a response, and a reply. No mention is made of a sur-reply.

"'Surreplies are typically not allowed.'" *King v. Knoll*, 399 F.Supp.2d 1169, 1174 (D.Kan., 2005), citing *Taylor v. Sebelius,* 350 F.Supp.2d 888, 900 (D.Kan., 2004) (citing *Metzger v. City of Leawood,* 144 F.Supp.2d 1225, 1266 (D.Kan., 2001)). "'Surreplies are permitted in rare cases but not without leave of court.'" *Id,* citing *Humphries v. Williams Natural Gas Co.,* No. 96-4196, 1998 WL 982903, at *1 (D.Kan., 1998). "A court will grant

1

leave to file a surreply 'for rare circumstances as where a movant improperly raises new arguments in a reply.'" *King,* supra, citing *McShares, Inc. v. Barry,* 979 F.Supp. 1338, 1341 (D.Kan., 1997) (quoting *E.E.O.C. v. Int'l Paper Co.,* No. 91-2017, 1992 WL 370850, at *10 (D.Kan., 1992)).

Here, even if the Court were presented with a Motion for Leave to File a Sur-Reply from defendants, which it was not, there is no reason for the Court to grant such a motion, because plaintiff didn't raise any new arguments in its Reply. The plaintiff set forth all its arguments in its first motion, and simply responded to defendants' arguments in its Reply. Defendants' "Further Suggestions" is just a faulty attempt to file a Sur-Reply and repeat its previous arguments. This is clearly improper and should be stricken from the record.

## II.  CONCLUSION

WHEREFORE, plaintiff prays for this Court to strike Defendants' Further Suggestions in Opposition to Plaintiff's Motion for Remand, Document No. 11, filed March 16, 2009, from the record, and for any other relief the Court deems just and proper under the circumstances.

Respectfully submitted,

SPRADLEY & RIESMEYER
A Professional Corporation


/s/ Frederick H. Riesmeyer, II
Frederick H. Riesmeyer, II    MO #26062
Douglas D. Silvius            KS #13465
Matthew P. Clune              KS #21064
Belletower Building, Suite 210
4700 Belleview
Kansas City, MO  64112
816/753-6006
FAX:  816/502-7898

LAW OFFICE OF MARK BROWN, LLC

LAW OFFICES OF MARK BROWN
Mark E. Brown                KS #09638
Kevin S. Tuttle              MO #59320
4700 Belleview, Suite 210
Kansas City, MO 64112
mark@midwestip.com
(816) 268-8950 (tel) (816) 502-7898 (fax)

BENNETT, BODINE & WATERS, PA
Mark V. Bodine               KS #13216
11125 Johnson Drive, Suite A
Shawnee, KS 66203
mbodine@bennett-bodine.com
(913) 631-2727 (tel) (913) 631-2726 (fax)

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served this 17th day of March, 2009, on: Arthur K. Shaffer, Esq., Intellectual Property Center, LLC, 9233 Ward Parkway, Suite 100, Kansas City, MO 64114, Attorney for Defendants, by sending a copy via: ☐ U.S. Mail, postage pre-paid; ☐ Fax; X e-mail; ☐ Federal Express; ☐ Hand-delivery.

/s/ Frederick H. Riesmeyer, II
Attorney for Plaintiff