IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MIRACORP, INC.,                          )
                                         )
                          Plaintiff,     )
v.                                       )         No. 09-2049-KHV
                                         )
                                         )
BIG RIG DOWN, LLC, et al.,               )
                                         )
                          Defendants.    )
_____  )

## MEMORANDUM AND ORDER

MiraCorp, Inc. filed suit in state court against Big Rig Down, LLC, Amy Walls and Debbie Turner, alleging misappropriation of trade secrets under K.S.A. §§ 60-3320-3330, unfair competition and unjust enrichment.  MiraCorp also alleged a state law claim of breach of fiduciary duty against Walls.  See Petition For Damages And Injunction, Johnson County, Kansas District Court, No. 08-CV-09528, attached as Ex. A to Notice Of Removal (Doc. #1) filed January 29, 2009.  Defendants removed the case to federal court, asserting jurisdiction under 28 U.S.C. § 1338 which provides that federal courts have exclusive jurisdiction over copyright matters.  This matter is before the Court on Plaintiff MiraCorp's Motion To Remand (Doc. #2) filed February 11, 2009, Defendants['] Opposition To Plaintiff's Motion To Remand And Cross Motion For Consolidation (Doc. #4) filed February 25, 2009 and MiraCorp's Motion To Stay Deadlines (Doc. #7) filed March 3, 2009.  For reasons set forth below, the Court sustains plaintiff's motion to remand and overrules the remaining motions as moot.

## Standard For Removal

A civil action is removable only if plaintiffs could have originally brought the action in federal court.  See 28 U.S.C. § 1441(a).  The Court is required to remand "[i]f at any time before

final judgment it appears that the district court lacks subject matter jurisdiction."   28 U.S.C. § 1447(c).  Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction.   See Frederick & Warinner v. Lundgren, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)).  The rule is inflexible and without exception, and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record.   See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).  Accordingly, the Court must strictly construe the federal removal statute.   See Fajen v. Foundation Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982).  The burden is on the party requesting removal to demonstrate that the Court has jurisdiction.   See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995).  The Court must resolve any doubts concerning removability in favor of remand.   See J.W. Petroleum, Inc. v. R.W. Lange, 787 F. Supp. 975, 977 (D. Kan. 1992).

Defendants must file their notice of removal within 30 days after receiving a copy of the state court petition setting forth the claim for relief upon which the action is based.   See 28 U.S.C. § 1446(b).  The 30-day time limit is mandatory and a failure to comply with the requirement is a defect in removal which justifies a remand of the case.   See Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1077 (10th Cir. 1999); see also Farm & City Ins. Co. v. Johnson, 190 F.Supp.2d 1232, 1236 (D. Kan. 2002) (30-day time limit mandatory but not jurisdictional); McCain v. Cahoj, 794 F.Supp. 1061, 1062 (D. Kan. 1992) (30-day time limit mandatory and strictly construed).  If the initial petition in state court is not removable, a defendant may file a notice of removal within 30 days after receipt of a copy of the amended petition or other document "from which it may first be ascertained that the case is one which is or has become removable."   28 U.S.C. § 1446(b).  See

-2-

O'Bryan v. Chandler, 496 F.2d 403, 409 (10th Cir. 1974) ("there must be both an amended pleading or paper and a ground for asserting removability that exists for the first time").

## **Factual And Procedural Background**

On November 7, 2008, MiraCorp filed a petition in the District Court of Johnson County Kansas against Big Rig Down, Amy Walls and Debbie Turner.  Briefly summarized, its state court petition alleges the following facts:

MiraCorp does business as National Truck and Trailer Services and related entities ("NTTS").  For almost 20 years, NTTS has compiled, updated and maintained an extensive database of public and non-public information concerning providers of truck and trailers services, including truck and trailer repair, towing and maintenance facilities throughout the United States and Canada.  The database contains trade secret and proprietary information and is organized and searchable based on a number of criteria, including city and geographic region.  NTTS sells the information in the database to over-the-road truck drivers and the public through its written directory, on its website and a CD-ROM.  The database includes confidential and proprietary information, patterns, compilations of information,  programs, devices, methods,  techniques and a process from which NTTS derives economic value.  At all times NTTS has protected the non-public portion of the database information through efforts which are reasonable under the circumstances to maintain its secrecy and confidentiality.

 In August of 2007, NTTS hired Amy Walls as a sales representative.  Her job included contacting customers and developing public and non-public information for the database.  As a sales representative, Walls had access to the database.  NTTS entrusted Walls with confidential and trade secret information and the database.  Walls owed fiduciary duties of loyalty and  confidentiality to

NTTS, including a duty to maintain the secrecy of non-public, proprietary trade secret information, including the confidential database.  Walls nonetheless copied, misappropriated and removed confidential, proprietary and trade secret information in the NTTS database for use by Big Rig Down, LLC, a competitor,

Turner (Walls' mother) established Big Rig Down, which operates a directory of services for truck drivers through its website "www.bigrigdown.com," in June of 2008.  Big Rig Down has utilized proprietary, confidential and trade secret information which Walls misappropriated from NTTS.

Miracorp alleges that defendants wilfully and wrongfully misappropriated trade secrets without consent in violation of K.S.A. §§ 60-3320-3330, engaged in unfair competition and unjustly enriched themselves by their actions.  Plaintiff also alleges that Walls breached a fiduciary duty to plaintiff when she disclosed confidential, proprietary trade secret information including the Database.  Plaintiff seeks an accounting, compensatory and punitive damages, injunctive and declaratory relief, attorneys fees and costs.[1]

On December 31, 2008, MiraCorp filed its federal complaint alleging  copyright infringement under the Copyright Act of 1976, as amended, 7 U.S.C. §§ 101 et seq.  See Case No. 08-cv-2673-KHV.[2]  Specifically, MiraCorp alleges that Big Rig Down, Walls and Turner violated the copyright registration relating to its directory – which is comprised of a printed directory,

---

[1]      On November 7, 2008, the District Court of Johnson County, Kansas issued a temporary restraining order which enjoined defendants from using, operating or maintaining the website, and ordered the immediate removal of the website from the internet and removal from public, private or consumer access.

[2]      MiraCorp's complaint for copyright infringement is based upon U.S. Copyright Registration No. TX 6-879-420.

computer readable CD-ROM and a directory in electronic format on the internet.

On January 20, 2009, defendants filed a <u>Motion For Supplemental Jurisdiction</u> asking the Court to exercise supplemental jurisdiction over the state law claims then pending in state court in Johnson County, Kansas.  <u>See</u> Case No. 08-CV-09528.  On January 30, 2009, defendants filed a notice of removal, asserting that this Court has jurisdiction over the state case because under 28 U.S.C. § 1338, the federal Copyright Act completely preempts MiraCorp's state law claims.  On February 11, 2009, MiraCorp filed a motion to remand.  MiraCorp asserts that (1) its state court action does not contain any claims over which federal courts have original subject matter jurisdiction and (2) the notice of removal was not timely under 28 U.S.C. § 1446.  MiraCorp requests costs and expenses under 28 U.S.C. § 1447(c).

## <u>Analysis</u>

Federal district courts have original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; <u>see</u> 28 U.S.C. § 1441(b).[3]  The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which only provides federal jurisdiction when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).  Plaintiff is the "master of the claim" and "may avoid federal jurisdiction by exclusive reliance on state law."  <u>Id.</u>; <u>see</u> <u>Garley v. Sandia Corp.</u>, 236 F.3d 1200, 1207 (10th Cir. 2001).  But even though state law creates plaintiff's causes of action, the case might still arise under the laws of the United States if a well-pleaded complaint establishes that plaintiff's right to relief

---

[3]     Where, as here, diversity of citizenship is lacking, federal question jurisdiction is the potential basis for original jurisdiction.  <u>See</u> 28 U.S.C. § 1331.

under state law requires resolution of a substantial question of federal law.  <u>City of Chicago v. Int'l</u>

<u>Coll. of Surgeons</u>, 522 U.S. 156, 164 (1997) (quoting <u>Franchise Tax Bd. of State Of Cal. v. Constr.</u>

<u>Laborers Vacation Trust For S. Cal.</u>, 463 U.S. 1, 13(1983) (case arises under federal law when

federal law creates cause of action or plaintiff's right to relief necessarily depends on resolution of

substantial question of federal law)).  In considering whether an action arises under federal law, a

defense which implicates a federal question is not considered part of plaintiff''s properly pleaded

complaint. <u>See</u> <u>Metro. Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 63 (1987).  Accordingly, a case may not

be removed to federal court on the basis of a federal defense, even if the defense is anticipated in

plaintiff's complaint, and even if both parties admit that the defense is the only question truly at

issue in the case.

The United States Supreme Court has acknowledged the "complete preemption doctrine"

as an independent corollary to the well-pleaded complaint rule.  <u>Caterpillar</u>, 482 U.S. at 392.  If a

federal cause of action completely preempts a state cause of action, any complaint that comes within

the scope of the federal cause of action necessarily arises under federal law.  <u>Franchise Tax Bd. of</u>

<u>State of Ca. v. Constr. Laborers Vacation Trust for So. Ca.</u>, 463 U.S. 1, 24 (1983).  The complete

preemption doctrine operates as follows:

> On occasion, . . . the pre-emptive force of a statute is so "extraordinary" that it
> "converts an ordinary state common-law complaint into one stating a federal claim
> for purposes of the well pleaded complaint rule." <u>Metropolitan Life Insurance Co.</u>,
> [481 U.S.] at 65, 107 S.Ct. at 1547.  Once an area of state law has been completely
> preempted, any claim purportedly based on that pre-empted state law is considered,
> from its inception, a federal claim, and therefore arises under federal law. <u>See</u>
> <u>Franchise Tax Board</u>, 463 U.S. at 24, 103 S.Ct. at 2854.

<u>Caterpillar</u>, 482 U.S. at 392 (footnote omitted).

The United States Supreme Court has narrowly construed the doctrine of complete

preemption and expressly recognized its application in only three areas: (1) claims alleging a breach

of a collective bargaining agreement that fall under section 301 of the Labor Management Relations

Act, 29 U.S.C. § 185, see Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists, 390 U.S.

557, 560 (1968); (2) claims for benefits or enforcement of rights under the Employee Retirement

Income Security Act,  29 U.S.C. § 1001 et seq., see Metropolitan Life, 481 U.S. at 63-67, and (3)

claims against a national bank chartered under the National Bank Act.  See Beneficial Nat'l Bank

v. Anderson, 539 U.S. 1, 6-7, 10 (2003).

        The Supreme Court has not extended the doctrine of complete preemption in the copyright

field, and circuit courts of appeal disagree as to whether the doctrine applies to copyright claims.

Compare Ritchie v. Williams, 395 F.3d 283, 286-87 (6th Cir. 2005) (complete preemption applies

in copyright cases); Briarpatch Ltd., L.P., v. Phoenix Pictures, Inc., 373 F.3d 296, 304-05 (2d Cir.

2004) (same); Rosciszewski v. Arete Assoc., Inc., 1 F.3d 225, 232-33 (4th Cir. 1993) (same) with

Bd. of Chosen Freeholders of County of Burlington v. Tombs, 215 Fed. Appx. 80, 82 (3rd Cir. 2006)

(unpublished decision rejecting complete preemption in copyright field); see also American Airlines,

Inc. v. Biztraveldeals.Com, No. 4:08-CV-069-A, 2008 WL 818536, at *3 (N.D. Tex. March 26,

2008) (no  complete preemption); Crooks v. Certified Computer Consultants, Inc., 92 F.Supp.2d

582, 587 (W.D. La. 2000) (same).

        The Tenth Circuit has not adopted complete preemption with respect to the federal Copyright

Act and some district courts in the Tenth Circuit have so acknowledged.  See Black v. Kos, No. CIV

05-163 KBM/LCS, 2005 WL 4564587, at *2 (D.N.M. March 29, 2005) (recognizing lack of

consensus among circuits, and stating that Tenth Circuit is not among circuits that have revised

approach to conclude that federal Copyright Act completely preempts state law); Steward Software

Co., LLC v. Kopcho, No. 07-cv-02315-LTB, 2007 WL 4578330, at *3 (D. Colo. Dec. 27, 2007)

(Tenth Circuit appears to subscribe to theory that state law causes of action unrelated to copyright

law not preempted merely because copyrighted work is subject matter of suit) (citing Okla. Nat. Gas

Co. v. LaRue, Nos. 97-6093, 97-6224, 97-6087, 1998 WL 568321, at *13 (10th Cir. Sept. 1, 1998).

But see Western States Pathology, Inc. v. Ruffdogs, Inc., No. 06-cv-02473-PSF-MJW, 2007 WL

196839, at *3 (D. Colo. Jan. 19, 2007) (discussing complete preemption doctrine with approval but

remanding because removal notice not timely); Customs & Classics v. Bonneville Street Rods, LLC,

No. 2:06-CV-828 TS, 2007 WL 1601483 (D. Utah June 4, 2007) (applying preemption doctrine in

removed copyright case).  Here, the Court need not decide the difficult question of complete

preemption because for reasons set forth below, defendants' removal was not timely.

Generally, defendant must remove a case to federal court within 30 days from the filing of

the original state court petition.  28 U.S.C. § 1446(b).  If the original petition does not reveal that

the case is removable, the second paragraph of Section 1446(b) applies:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may
> be filed within thirty days after receipt by the defendant . . . of a copy of an amended
> pleading, motion, order or other paper from which it may first be ascertained that the
> case is one which is or has become removable.

28 U.S.C. § 1446(b).   Untimely removal constitutes a defect in removal procedure.  Cades v. H &

R Block, Inc., 43 F.3d 869, 873 (4th Cir. 1994).  The Court must remand the case if defendants did

not timely follow proper removal procedure.  See Hoover v. Allied Van Lines, Inc., 205 F.Supp.2d

1232, 1241 (D. Kan. 2002) (remanding because defendant did not timely remove).

As noted, defendants assert that the federal Copyright Act completely preempts MiraCorp's

state law claims, so as to convert the state law petition to one stating federal claims for purposes of

removal.  Defendants maintain that they could not ascertain this fact until December 31, 2008, when

MiraCorp served its federal complaint.   Defendants assert that their removal notice on January 30, 2009 was therefore timely.

MiraCorp argues that the federal copyright complaint is not an "other paper" under Section 1446(b).  Indeed, although courts have broadly construed the definition of "other paper," they have generally found that it refers to documents generated within state court litigation.  See, e.g., Lien v. H.E.R.C. Prods., Inc., 8 F. Supp.2d 531, 534 n.7 (E.D. Va.1998) (settlement offer); Akin v. Ashland Chem. Co., 156 F.3d 1030, 1036 (10th Cir. 1998) (plaintiff's answers to interrogatories); Eyak Native Village v. Exxon Corp., 25 F.3d 773, 778-79 (9th Cir. 1994) (plaintiff's reply brief); Pack v. AC &  S, Inc., 838 F.Supp. 1099 (D. Md. 1993) (product identification document).  Defendants cite no authority for the proposition that a pleading in a separately filed federal case can constitute an "other paper" under Section 1446(b).  See Dudley v. Putnam Inv. Funds, 472 F.Supp.2d 1102, 1111 (S.D. Ill. 2007) (noting that a few courts have recognized narrow exception for judicial decisions which specifically authorized removal in separate but related case).

Even if the federal copyright complaint is an "other paper," MiraCorp argues that it is not a document from which it could first be ascertained that the case was removable.  See 28 U.S.C. § 1446(b).  MiraCorp's state court petition alleges that Walls copied, misappropriated and removed confidential, proprietary and trade secret information contained in the NTTS database and directory for use by a competitor, Big Rig Down.  The petition also alleges that defendants wilfully and wrongfully misappropriated trade secrets without consent in violation of K.S.A. §§ 60-3320-3330, engaged in unfair competition and unjustly enriched themselves by their actions.  All of MiraCorp's state law causes of action refer to unauthorized copying of plaintiff's directory.

The basis for removal is federal question jurisdiction , i.e. plaintiff supposedly alleges rights

which arise under and are preempted by the federal Copyright Act.  The Court need not determine, however, whether the Copyright Act completely preempts the state court claims or whether those claims arise under the Copyright Act.[4]  The question is whether MiraCorp's federal complaint was defendants' first notice that the Copyright Act arguably preempted MiraCorp's state court action. See Chavez v. Kinkaid, 15 F. Supp.2d 1118, 1124-1125 (D.N.M. 1998) (citing Golden Apple Mgmt. Co. v. GEAC Computers, Inc., 990 F. Supp. 1364, 1366 (M.D. Ala. 1998)) (issue whether defendant charged with knowledge of removability of action before receipt of plaintiff's response to request for admission).

Defendants do not explain why they could not ascertain from MiraCorp's original state court petition that the Copyright Act arguably completely preempted the state law claims.  See Akin, 156 F.3d at 1036 (key to determining date from which clock begins to run is when defendant can "intelligently ascertain removability"); cf. Spreeman v. HealthSouth Corp., No. 95-1366, 1996 WL 129814, at *3 (D. Kan. Feb. 27, 1996) (defendants must remove within 30 days of filing unless initial pleading provides "no clue" that case is removable based upon diversity of citizenship).  Defendants have not established that the original petition failed to trigger the 30-day period for removal.  Therefore they have waived their right to remove what they contend are federal claims.

In sum, this Court finds that defendants did not timely remove the case.  In declining to consider the merits of defendants' preemption argument, the Court is not ruling on the preemption issue.  Rather, this Court has merely decided a procedural issue – that defendants did not comply

---

[4]    A compilation is copyrightable if its facts have been "selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original work of authorship."  Feist Publ'g, Inc. v. Rural Tel. Servs., 499 U.S. 340, 358 (U.S. 1991) (citing Section 101).

with the requirements of Section 1446(b) in removing the case to federal court.

MiraCorp seeks attorneys fees incurred in defending the removal litigation.  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal."  The Supreme Court has recognized that the standard for awarding fees should turn on the reasonableness of the removal.  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  The reasonableness test serves to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 140.  The Court maintains discretion whether to award attorneys fees on remand to state court.  See Kansas ex rel. Morrison v. Price, 242 Fed. Appx. 590, 593 (10th Cir. 2007) (reviewing award of fees under Section 1447(c) for abuse of discretion).  Because defendants had an arguable basis for removing the case, the Court declines to award costs and expenses.

**IT IS THEREFORE ORDERED** that Plaintiff MiraCorp's Motion To Remand (Doc. #2) filed February 11, 2009 be and hereby is **SUSTAINED** in part.

**IT IS FURTHER ORDERED** that Defendants['] Opposition To Plaintiff's Motion To Remand And Cross Motion For Consolidation (Doc. #4) filed February 25, 2009 and MiraCorp's Motion To Stay Deadlines (Doc. #7) filed March 3, 2009 be and hereby are **OVERRULED** as moot.

The clerk is directed to **REMAND** the case to the District Court of Johnson County, Kansas.

Dated this 24th day of March, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge